# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LONNIE MCGRAW, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO. 1:16-cv-00103-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *sued as Nancy A. Berryhill, Acting Commissioner* | ) |
| *of Social Security*,[1] | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Plaintiff Lonnie McGraw, Jr., brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On February 28, 2017, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 21).

McGraw's attorney, Adriana de la Torre, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $9,033.50 for her representation of McGraw in federal court. (DE 28). The Commissioner filed a response indicating that she does not oppose the motion (DE 31), and thus, the motion is ripe for ruling. For the following reasons, de la Torre's motion for attorney fees will be GRANTED, subject to an offset explained herein that will reduce her fee to $2,754.50.

### A. Factual and Procedural Background

On March 15, 2016, de la Torre entered into a contingent fee agreement with McGraw

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

for her representation of McGraw in federal court.[2]  (DE 28-2).  The agreement provided that de la Torre was "entitled to a fee equal to the lesser of:  (1) twenty-five percent (25%) of the past-due benefits owed to [McGraw] and [his] dependents, if applicable; or (2) the maximum amount set by the [Commissioner] pursuant to Section 26 of the Social Security Act . . . ."  (DE 28-2).

On March 25, 2016, McGraw filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits.  (DE 1).  On February 27, 2017, the Commissioner filed an agreed motion to reverse and remand McGraw's case to the Commissioner.  (DE 20).  On February 28, 2017, the Court granted the Commissioner's motion, and the case was remanded to the Commissioner for further proceedings.  (DE 21; DE 22).

On March 29, 2017, McGraw and the Commissioner filed a joint motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the hours that de la Torre spent advocating McGraw's claim in federal court.  (DE 23).  Pursuant to the parties' subsequent stipulation, the Court granted McGraw an EAJA fee award of $6,279.  (DE 24-DE 26).

On September 11, 2018, the Commissioner sent an "Important Information" notice explaining that the Commissioner had withheld 25% of McGraw's past-due benefits, that is, $9,033.50, to pay McGraw's attorney.  (DE 28-1).  Less than a month later, that is, October 3, 2018, de la Torre filed the instant motion seeking fees under § 406(b) in the amount of $9,033.50 for the 34.5 hours she spent advocating McGraw's appeal in federal court.  (DE 28; DE 29).

**B.  Legal Standard**

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406.  *Gisbrecht*, 535 U.S. at 793-94.  Section 406(a) controls

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id.* Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id.* at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

> percent of the past-due benefits. Within the 25 percent boundary, .
> . . the attorney for the successful claimant must show that the fee
> sought is reasonable for the services rendered. Courts that
> approach fee determinations by looking first to the contingent-fee
> agreement, then testing it for reasonableness, have appropriately
> reduced the attorney's recovery based on the character of the
> representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Discussion

The Court is charged with determining whether de la Torre's requested fee of $9,033.50 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [McGraw's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Here, because the Commissioner's Important Information notice states that $9,033.50 represents 25% of McGraw's past-due benefits (DE 28-1), the Court is satisfied that de la Torre's fee request does not run afoul of 42 U.S.C. § 406(b)(1)(A).

De la Torre contends that her requested fee award of $9,033.50 is reasonable for the 34.5 hours she spent representing McGraw in federal court. She emphasizes that she achieved a favorable result for McGraw and that the requested fee is in alignment with awards granted in other cases in this district. (DE 29).

De la Torre did obtain a good result for McGraw. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). Having said that, this case was not particularly complex, as de la Torre advanced four relatively-routine arguments on appeal.[5] *See Schaffner v. Comm'r of Soc.*

---

[5] On appeal, McGraw challenged the ALJ's finding that some of his impairments were not severe; the ALJ's finding at step three that he did not have an impairment or combination of impairments that met or equaled a listing; the limitations assigned in residual functional capacity; and the ALJ's discounting of his symptom testimony. (DE 16 at 14-25).

4

*Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work performed, while not entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (discounting requested § 406(b) fee where because the issues briefed "were neither novel nor complex").

The Court further notes that de la Torre requested and received a 30-day extension during the briefing process.[6] (DE 14-DE 15). Thus, de la Torre did not contribute to any unreasonable delay in this case. *See Gisbrecht*, 535 U.S. at 808.

De la Torre's requested fee of $9,033.50 divided by the 34.5 hours she spent on the case in federal court equates to an effective rate of $261.84 per hour.[7] As such, de la Torre's requested fee equates to an effective rate that is well below awards typically approved by this Court. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of [her] work— even if [s]he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at

---

[6] The Commissioner requested and received two 28-day extensions. (DE 17-DE 20).

[7] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute the basis for an 'unreasonable' finding."). De la Torre argued in her supporting memorandum that her requested effective hourly rate is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to de la Torre's argument concerning her proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

381. De la Torre has made a convincing case that the favorable result she achieved for McGraw was due to her effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Id*. (citing *Gisbrecht*, 535 U.S. at 808). The Seventh Circuit Court of Appeals has stated that it "do[es] not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel." *Id*. at 380-81.

Accordingly, de la Torre's requested fee award under § 406(b) will be authorized by this Court, but will incorporate an offset for the $6,279 in EAJA fees that de la Torre already recovered, reducing the fee award to $2,754.50. (DE 29 at 3 (acknowledging that her § 406(b) award is reduced by the EAJA award of $6,279)); *see Gisbrecht*, 535 U.S. at 796. The Commissioner is to release the remaining amount withheld from McGraw's back benefits ($6,279) to McGraw.

### D. Conclusion

For the foregoing reasons, de la Torre's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 28) is GRANTED, except that her requested fee of $9,033.50 is reduced to $2,754.50 to offset her prior award of EAJA fees in the amount of $6,279. The Commissioner is to release the remaining amount withheld from McGraw's back benefits ($6,279) to McGraw.

SO ORDERED. Entered for this 9th day of November 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge